FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 OCT -9  P 3: 52

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

_____ DEPUTY

| | |
|---|---|
| COACH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | L 00CV596 |
| DWYER GALLOWAY, and ) | |
| HANDBAG IT'S IN THE BAG, ) | |
| ) | |
| Defendants. ) | |

## FINAL JUDGMENT ON CONSENT

Plaintiff COACH, INC., formerly a division of Sara Lee Corporation ("Coach"), having filed its Complaint for federal trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and violations of Maryland law, and having moved the Court for Summary Judgment and the Defendant, DWYER GALLOWAY d/b/a HANDBAG IT'S IN THE BAG ("Galloway"), having answered the Complaint, having agreed to cease the acts Coach seeks to enjoin, and having consented to the filing and entry of this Final Judgment in lieu of a decision by the Court on Coach's motion for Summary Judgment and/or a trial on the merits;

Now, upon consent and as between Coach and Galloway, it is hereby ORDERED, ADJUDGED and DECREED as follows:



1. That this Court has jurisdiction over the subject matter and the parties to this action and venue is properly laid in this District.

2. That as between the parties hereto, Coach is the owner of all right, title and interest, including trademark rights, in and to the trademark COACH for leather goods.

3. That Galloway has distributed and sold counterfeit COACH leather goods without Coach's consent.

4. That Galloway, and his servants, employees, distributors, customers, representatives, agents and attorneys and all persons in active concert and participation with them, or any of them, be and they are hereby permanently restrained and enjoined from:

   a. distributing, transferring, advertising, promoting, selling, or offering for sale leather goods or any other products bearing or sold in connection with the trademark COACH or any mark confusingly similar to or a colorable variation of the COACH mark;

   b. representing that Galloway sells or offers for sale genuine COACH leather goods or any other products that are affiliated with, originate with or are sponsored by Coach, or from suggesting any connection with Coach;

   c. committing any acts which are likely to injure Coach's business reputation or to dilute the COACH trademark; and

     d.   from unfairly competing with Coach by using the trademark COACH in any manner.

     5.   That Galloway shall deliver up for destruction all labels, tags, signs, prints, packages, wrappers, receptacles and advertisements in his possession or under his control which bear the mark COACH or any other mark confusingly similar to or a colorable variation of the COACH mark, and all plates, molds, matrices and other means of making same.

     6.   The parties having settled the matter of costs between them, no award is made herein.

     7.   The Court retains jurisdiction to enforce compliance with a Settlement Agreement entered into between the parties concurrently herewith.

Dated: _Oct., 09_, 2001

So Ordered:

_____
U.S.D.J.

OCT #0

Consent to the forgoing Final Judgment and its entry is hereby acknowledged.

COACH, INC.

Dated: 9/28, 2001    By: _____
                     Name: Daniel J. Roes
                     Title: Asst Secretary

COOPER & DUNHAM LLP

Dated: 9/28, 2001    By: _____
                     Attorneys for Plaintiff

DWYER GALLOWAY

Dated: 9-25, 2001    Dwyer Galloway

THOMAS G. GILL, ESQ.

Dated: 9-25, 2001    By: _____
                     Attorney for Defendant

4